**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-1542**

———————————

MIMI MEDMIM HAILU,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————————

On Petition for Review of an Order of the Board of Immigration
Appeals. (A97-926-449)

———————————

Submitted: March 21, 2007          Decided: April 16, 2007

———————————

Before WILKINSON, WILLIAMS, and GREGORY, Circuit Judges.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Fitsum A. Alemu, Arlington, Virginia, for Petitioner.  Peter D.
Keisler, Assistant Attorney General, Carol Federighi, Senior
Litigation Counsel, Barry Joyce, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mimi Medmim Hailu, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals adopting and affirming the Immigration Judge's order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Hailu challenges the Immigration Judge's findings that she was not credible and did not demonstrate past persecution or a well-founded fear of future persecution.

To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Hailu fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that she seeks.

Additionally, we uphold the Immigration Judge's denial of Hailu's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Hailu fails to show that

she is eligible for asylum, she cannot meet the higher standard for withholding of removal.

We also find that Hailu fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2004). We find that Hailu fails to make the requisite showing.

Accordingly, we deny the petition for review. We also deny Hailu's emergency motion to stay removal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED